

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Pat R. Bobo
County Attorney
Bailey County
Muleshoe, Texas

Dear Sir:

Opinion No. O-7343
Re: Deposit of bond proceeds
in County depository.

We have received your letter of October 23, 1946, which we quote, in part, as follows:

"Special Road District 1-A of Bailey County, Texas, consisting of about three-fourths of the total area of Bailey County, issued $625,000.00 in road bonds, said bonds being dated October 1, 1946. These bonds were issued for the purpose of constructing approximately 75 miles of roads in said District. The bonds have been sold and the Road District now has the money from the sale of the bonds in hand. Muleshoe State Bank, the County Depository, does not want the money deposited with them, if they are required to make the bond or security deposit required by law. We are unable at this time to find any bank willing to accept this money for deposit if they be required to execute the surety bond or security deposits required by law. I will appreciate it if you will advise me if we can deposit this money with a depository without the bond or security deposits.

"In view of the fact that labor and materials are difficult to secure at this time the Commissioner's Court would like to invest the proceeds of the bonds in United States Bonds. Article 708b seems to limit such investments to bonds sold prior to April 12, 1943. Please advise us whether or not we can invest the proceeds from the sale of Road States obligations, in lieu of depositing the funds with a bank without lawful bonds or security deposits."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 752j, Vernon's Annotated Texas Statutes, provides as follows:

"After approval and registration as provided by law relative to other bonds, such bonds shall continue in the custody and control of the Commissioners' Court of the county in which they were issued, and shall be by said court sold to the highest and best bidder for cash, either in whole or in parcels, at not less than their par value, and the purchase money therefor shall be placed in the county treasury of such county to the credit of the available road fund of such county, or of such political subdivision or road district of such county, as the case may be. Acts 1926, 39th Leg.,1st C. S., p. 23, ch. 16, § 12."

This statute, it is seen, provides in positive language for the deposit of the proceeds of the road district bonds in the county treasury (i.e., county depository under Articles 2544, et seq., V.A.C.S.).

Article 2547 provides for the filing of bonds or the pledge of securities by the county depository, and fixes the amount thereof.

Article 2548 provides for an additional bond when "after the creation of a county depository . . . there shall accrue to the county or any subdivision thereof, any funds or moneys from the sale of bonds or otherwise . . ." The article provides for written demand by the Commissioners' Court upon the depository, and further, that: "Upon the failure of such depository to furnish such additional bond within thirty (30) days from the date of such demand, the Commissioners' Court may cause such special funds to be withdrawn, upon the draft of the county treasurer from such depository, and cause the same to be deposited in some solvent National bank or State bank whose combined capital stock and surplus is in excess of such special fund, and to leave the same or so much thereof as may not have been expended with such National bank or State bank of last deposit, until such time that such county depository may have filed with the Commissioners' Court the required additional bond, when such special fund or so much thereof as shall not have been expended shall be forthwith returned to and deposited with such county depository." The article further provides: "This requiring of such additional or special bond shall be optional with such Commissioners' Court."

It would first seem that Article 2548 would answer all questions in which you are interested, for it makes provision for an additional bond, for the deposit of the special funds in other banks if the depository fails to furnish the additional bond, and further provides that the requirement of an additional bond is optional with the Commissioners' Court. However, Article 2547 was amended in 1933 (Acts 1933, 43rd Leg., Ch. 66). In setting the amount of the bond of the depository the amendment provides: "... said bond or bonds to be in an amount equal to the estimated highest daily balance of such county as determined by the Commissioners' Court, such estimated daily balance to be in no event less than seventy-five per cent of the highest daily balance of said county for the next preceding year, less the amount of bond funds received and expended, provided, however, in the event that county funds derived from the sale of county securities during the term of such bond are deposited, such Commissioners' Court shall require additional bond and/or bonds, and/or pledge of securities equal to the amount of such additional county funds." (emphasis added)

It must have been the intent of the Legislature that the underscored part of Article 2547, as amended, would have a mandatory effect. This is evident because under Article 2548 the Commissioners' Court already had the authority to require an additional bond, but the exercise of the authority was expressly optional. The underscored part would, therefore, be pointless unless it is given a mandatory effect. Moreover, it is our opinion that the language used clearly shows that this effect was the one intended by the Legislature.

Article 2548, insofar as it provides that the requiring of an additional bond is optional, conflicts with the later act; therefore, that part of Article 2548 was repealed.

It follows that your first question should be answered as follows: The bond proceeds should be placed in the county depository to the credit of the road district. Under Article 2548, as modified by Article 2547, as amended, the Commissioners' Court, at its first meeting after such funds are deposited, or as soon thereafter as practicable, must make written demand for an additional bond (or pledge) to cover the amount of such bond proceeds. If the bank fails to furnish the additional bond within thirty days of the demand, the funds may be withdrawn and deposited in a National or State bank as outlined in Article

2548. If the depository makes it known prior to the expiration of the thirty days that it will not furnish the bond, then the funds may thereupon be withdrawn and deposited as indicated in the preceding sentence. In other words, the county does not have to wait the thirty days if it is clear that the depository will not furnish the bond.

We have said above that it is our opinion that the optional part of Article 2548 was repealed by the 1933 amendment; therefore, if the county depository fails to furnish the additional bond, then it is our further opinion that the Commissioners' Court must select another depository (See Articles 2547 and 2556). If no applications are submitted, then the Commissioners' Court should proceed under Article 2550. The bond proceeds should thereupon be deposited in the depository so selected.

As to your second question, we have held in several opinions that under Article 708b, Vernon's Annotated Texas Statutes, the proceeds of municipal bonds issued or sold after April 12, 1943, may not be invetsed in obligations of the United States. In Opinion No. O-7393 we held that the proceeds of county road bonds issued in 1946 could not be so invested. That opinion is applicable to the question under consideration, and a copy of the opinion is enclosed for your consideration. Based upon this opinion, you are advised that your question is answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By           /signed/
George W. Sparks
Assistant

encl.

GWS-sl-mrj

APPROVED NOV 1, 1946
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY /s/ B. W. B, CHAIRMAN